OPINION OF THE COURT
Alan J. Saks, J.
Motion and cross motion denied, with $10 costs to be paid by each defendant and penalties hereinafter set forth.
This action was recently noticed for trial without jury by plaintiff. In initial response to said notice, defendant city did nothing, where defendant Con Edison (individually and as successor to defendant Con Telegraph and Electric Co.) filed not one but two jury demands, paying a separate fee each time, which unnecessary added expense will undoubtedly be reflected ultimately in its rates. Then, after expiration of the proper time to move to vacate the notice of trial, which motion is supposed to be made within 20 days after service of the notice of trial (Rules of Civ Ct of City of NY, 22 NYCRR 2900.16), defendant Con Edison now moves to dismiss on the alleged ground that the case had been marked off the Trial Calendar on May 23, 1978. The notice of motion was served by mail on September 29,1982, originally returnable October 20, 1982. It was then adjourned to November 3, 1982. On October 21, 1982, defendant city served a cross motion that merely parrots the statements made in the main motion and joins in the request for dismissal.
On October 23, plaintiff’s counsel served an answering affirmation that asserted in essence that so far as he knew *41 this action could not have been marked off in 1978 because it had never been noticed for trial until recently; that he has no -prior notice of trial in his own file and that Con Edison’s counsel confirmed to him telephonically that he has nothing in his file to show that this case had been noticed previously. On October 26,1982, plaintiff’s counsel served a supplemental affirmation attesting that his examination of the court file (which had to be retrieved from the archives) supports his earlier affirmation.
Notwithstanding plaintiff’s assertions, which at the least required some follow-up investigation and response by defendants, the motions were adjourned from November 3 to November 17 and then submitted to the court.
The court has examined the file, and plaintiff appears to be fully correct. There is simply no indication that a prior notice of trial was ever filed or that the case had ever appeared on a Trial Calendar. (Since all parties have been represented by counsel from the outset, it could not have been calendared without a notice of trial.) Moreover, as plaintiff’s counsel points out in his affirmations, it was not until May of 1978 that Con Edison submitted to an examination before trial that had been ordered by the court for its failure to submit on notice. Therefore, it is extremely unlikely that the case could have been noticed and marked off by May 23,1978. (Since neither defendant ever served a 90-day notice to resume prosecution, plaintiff’s inactivity prior to the recent notice of trial may not be considered.)
Instead of graciously withdrawing their motions when the factual predicate for making them was challenged or submitting some evidence in support of that predicate, movants have simply wasted the time of the court and sorely abused their adversary. The latter had to go to the trouble of making an investigation and preparing opposing papers. Moreover, he was in effect charged with conduct that could lay the basis for a malpractice action by his client, since the Statute of Limitations had long since passed, which must have caused him no minor anxiety.
Merely denying the instant motions would be insufficient in this case. The imposition of $10 statutory costs likewise fails to meet the need to discourage the type of conduct involved. Instead, the court hereby directs that *42 each of the two defendants pay into the court within 30 days after service upon them of a copy of this order with notice of entry a check payable to the clerk of the court in the amount of $100. If such is not done, each nonpaying defendant shall have its answer stricken and inquest may be taken against it. (See Rosenblatt v Ocean Controls Corp., NYLJ, Nov. 8, 1982, p 17, col 1 [Supreme Ct, Queens County, Lonschein, J.].) Defendants are given leave to move for reargument upon a showing that they had a good-faith basis for believing this case had been marked off in 1978 and for not withdrawing their motions.